IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| **MILTON DAVIS, individually, and on behalf of all others similarly situated**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**WIRCO, INC.**, )<br>)<br>Defendant. )<br>) | Case No. _____ |

## NOTICE OF REMOVAL BY DEFENDANT WIRCO, INC.

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and 1711 - 1715, defendant Wirco, Inc. ("Wirco"), by and through its undersigned counsel, hereby removes this action from the Circuit Court of Champaign County, Illinois ("State Court"), in which court the cause is currently pending, to the United States District Court for the Central District of Illinois, Urbana Division. In support thereof, Wirco states as follows:

1. Wirco exercises its rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 to remove this case from the State Court where this case is pending under the name and style of *Milton Davis v. Wirco, Inc.*, Case No. 2021 L 000152.

2. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending."

3. This is a civil action that was instituted in the State Court and has not been tried.

4. On or about October 1, 2021, Plaintiff Milton Davis ("Plaintiff") filed his original class action complaint (the "Complaint") in the State Court. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

5. Wirco received a copy of the summons and Complaint on October 15, 2021, and this Notice of Removal is therefore timely pursuant to 28 U.S.C. §§ 1446(b) and 1453. *See* Affidavit of Service, attached hereto as **Exhibit B**.

6. This case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that Plaintiff's action constitutes a class action (as defined in 28 U.S.C. § 1332(d)(1)(B)) pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

## SUBJECT MATTER JURISDICTION

**THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d)(11), 1453**

7. This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d)(2), because: (i) this case is a class action as defined in 28 U.S.C. § 1332(d)(1)(B); and (ii) at least one member of the putative class is a citizen of a state different from any defendant.

**I. The Minimal Diversity of Citizenship Requirement Is Satisfied**

8. At the time Plaintiff commenced this action against Wirco in State Court, and now at the time of removal, there was and is minimal diversity of citizenship as contemplated by CAFA, 28 U.S.C. § 1332(d)(2)(A).

9. CAFA provides that the minimal diversity requirement is met if any member of a class of plaintiffs is a citizen of a state different from any defendant. *Id*. This requirement is met here, as Wirco is a citizen of different state than the named plaintiff and likely any and every

proposed member of the putative class action for purposes of diversity jurisdiction. *See* **Ex. A**, ¶ 13; Declaration in Support of Notice of Removal, attached hereto as **Exhibit C**, ¶ 3.

10. The Complaint identifies the named Plaintiff as a citizen of Illinois and proposes a putative class of plaintiffs who are all persons who worked in the state of Illinois. **Ex. A**, ¶¶ 13, 55.

11. Wirco is an Indiana corporation with its global headquarters (principal place of business) in Indiana. **Ex. A**, ¶ 14; **Ex. C**, ¶ 3. For purposes of diversity citizenship under 28 U.S.C. §§ 1332(a) and (d), Wirco is a citizen of Indiana, a state other than Illinois.

12. As a citizen of Indiana, Wirco is a citizen of a different state than the named plaintiff (and likely most, if not all, of the members of the putative class) identified in the Complaint. Accordingly, diversity of citizenship is established under 28 U.S.C. § 1332(d)(2)(A).

**II. The Amount In Controversy Requirement Under CAFA Is Satisfied Because The Aggregate Amount In Controversy Exceeds $5,000,000**

13. Under CAFA, the claims of the individual plaintiffs in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(6), (d)(11). Plaintiff's claims meet the jurisdictional threshold set forth in § 1332(d)(6) in that, if awarded, the aggregate amount of the damages and other relief *sought* by the putative class would exceed $5,000,000, exclusive of interest and costs.

14. Where a complaint fails to plead a specific amount of damages or disclaim an amount of damages of $5,000,000, the party seeking removal need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5

3

million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citations omitted).

15. CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.,* S. REP. 109-14, 43 (2005), as reprinted in 2005 WL 627977 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."); *see also Dart Cherokee*, 574 U.S. at 89 ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

16. The Complaint seeks relief for purported violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"). *See* **Ex. A**, p. 12.

17. Plaintiff alleges that Wirco violated BIPA when it utilized an employee time tracking system that required employees to use their fingerprints to "punch" in and out of work and failed to inform its employees of the complete purposes for which it collected the fingerprints, failed to obtain the consent of its employees before sharing their fingerprints, and failed to provide its employees with a written, publicly-available policy establishing data retention and destruction guidelines. *See id.* at ¶¶ 22-25.

18. Plaintiff seeks "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA … or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA," as provided by 740 ILCS 14/20(1)–(2). *Id.* at ¶¶ 73, 83, 92. The Complaint also seeks injunctive relief, attorney's fees and costs. *Id.*

19. As a threshold matter, a removing defendant may aggregate all the plaintiffs' claims to determine the total amount of controversy. *See* 28 U.S.C. § 1332(d)(6) (under CAFA, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds $5,000,000, exclusive of interest and costs).

20. The Complaint does not disclaim an amount in controversy in excess of $5,000,000.

21. BIPA provides for liquidated damages of $1,000 for each negligent violation. 740 ILCS 14/20(1). BIPA provides for liquidated damages of $5,000 for each intentional or reckless violation. 740 ILCS 14/20(2). Plaintiff alleges that Wirco "failed to take note of the shift in Illinois law governing the collection, use, storage and dissemination of biometric data." **Ex. A** ¶ 30. That allegation, in conjunction with Plaintiff's prayer for relief under 740 ILCS 14/20(2), demonstrates that Plaintiff is seeking the greater of actual damages or $5,000 for each alleged violation of BIPA.

22. The total amount of damages *sought* by the putative class plausibly includes the combined total of the statutory damages for each member of the putative class. 28 U.S.C. § 1332(d)(6) (under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds . . . $5,000,000, exclusive of interest and costs"). Therefore, the total amount of the potential statutory damage during the relevant time-period makes up the plausible damages at issue in this case.

23. Plaintiff seeks class certification for the following: "All individuals working for Defendant in the State of Illinois who had their biometric identifiers and/or biometric information as defined by BIPA 70 ILCS 14/10 collected, captured, received, or otherwise obtained, maintained, stored or disclosed by Defendant during the applicable statutory period." **Ex. A**, ¶ 55.

24. Plaintiff alleges that the total number of putative class members exceeds 50 individuals. *Id.* at ¶ 57. The named plaintiff further alleges that he worked for Wirco for six months

5

and was required to scan his fingerprint each time he began and ended his workday. *Id.* at ¶¶ 41, 44.

25. With more than 50 individuals in the putative class, even a minimum of twenty scans per class member (the minimum number of scans for an employee for two standard work weeks) with each scan constituting a claimed violation[1] at $5,000 or more, the aggregate amount exceeds $5 million (more than 50 employees times at least 20 scans per employee equals 1000 scans by the class times $5,000 per scan).

26. Accordingly, by virtue of joining their claims in one action, Plaintiff and his purported class have placed in controversy at least $5 million in damages.

27. The $5,000,000 amount in controversy threshold thus is satisfied for purposes of satisfying 28 U.S.C. § 1332(d)(6).

### III. The Court May Not Decline to Exercise Jurisdiction in this Action Given the Facts Specific to this Complaint

28. Pursuant to 28 U.S.C. § 1332(d)(3), a district court may decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed. Plaintiff cannot satisfy this provision. Wirco is a citizen of Indiana. *See* **Ex. A**, ¶ 14; **Ex. C**, ¶ 3. The Complaint submits that all putative class members are individuals who worked in the state of Illinois for Wirco. **Ex. A**, ¶¶ 13, 55. Wirco's facility in Illinois is in Champaign, Illinois such that virtually all persons who have worked at that

---

[1] The issue of whether each time an employer allegedly collects biometric information from a scan constitutes a distinct violation is currently on appeal before the Seventh Circuit. *See Cothron v. White Castle System, Inc.*, No. 20-3202 on appeal from *Cothron v. White Castle Sys., Inc.*, 477 F. Supp. 3d 723 (N.D. Ill. 2020). In *Cothron,* the District Court held that each scan (within the applicable statute of limitations period) of an employee's fingerprint constituted a distinct BIPA violation, as well as each time the employer disclosed an employee's biometric information to a third party without proper consent. *Id.* at 731.

6

facility for Wirco will most likely be residents of Illinois and not Indiana. It is therefore next to impossible that less than two-thirds of the members of the putative class will not be citizens of Illinois and not Indiana. This action was originally filed in the state of Illinois. *See* **Ex. A**. Accordingly, even if this Court had the discretion under 28 U.S.C. § 1332(d)(3) to decline jurisdiction, it should not do so given the facts at issue here.

29. Pursuant to 28 U.S.C. § 1332(d)(4), a district court shall decline to exercise jurisdiction over a class action where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed, or where:

   a. greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

   b. at least one defendant is a defendant:

      i. from whom significant relief is sought by members of the plaintiff class;

      ii. whose alleged conduct forms a basis for the claims asserted by the proposed plaintiff class; and

      iii. who is a citizen of the State in which the action was originally filed; and

   c. principal injuries resulting from the alleged conduct of each defendant were incurred in the State in which the action was originally filed; and

   d. during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

30. The factors outlined in 28 U.S.C. § 1332(d)(4) cannot be met here because the only defendant, Wirco, is a citizen of Indiana such that no defendant is a citizen of the state (Illinois)

where the action was originally filed. Accordingly, this Court should not decline to exercise jurisdiction over this action.

## **PROCEDURAL COMPLIANCE**

31.     In accordance with the requirements of 28 U.S.C. § 1446(b), a Notice of Removal should be filed within thirty (30) days after the service on Wirco of the summons and Complaint. Wirco received the summons and Complaint on October 15, 2021.

32.     Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court, to the United States District Court for the Central District of Illinois, which embraces the place where the action is pending.

33.     The United States District Court for the Central District of Illinois embraces the county in which the state court action is now pending and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 124(a)(1).

34.     No previous application has been made for the relief requested herein.

35.     Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served upon Wirco: the Complaint bearing the case number 2021 L 152, filed in the Circuit Court of Champaign County, Illinois (*see* **Ex. A**), and Affidavit of Service (*see* **Ex. B**).

36.     Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff as required by law.

37.     A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for Plaintiff.

WHEREFORE, Defendant Wirco, Inc. hereby removes this case from the State Court, where it is now pending, to this Court.

Dated: November 15, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　WIRCO, INC.


　　　　　　　　　　　　　　　　　　　　　By:　*/s/ Robert A. Chapman*
　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Robert A. Chapman
Peter M. Spingola
Robert J. Shapiro
Lena Shapiro
**CHAPMAN SPINGOLA LLP**
190 S. LaSalle Street, Suite 3850
Chicago, Illinois 60603
(312) 606-8752
rchapman@chapmanspingola.com
pspingola@chapmanspingola.com
rshapiro@chapmanspingola.com
lshapiro@chapmanspingola.com

*Attorneys for Wirco, Inc.*

9

**CERTIFICATE OF SERVICE**

      This is to certify that on November 15, 2021, the foregoing was filed with the Clerk of Court using the CM/ECF system, and sent via email to the following counsel of record:

Ryan F. Stephan
James B. Zouras
Megan E. Shannon
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, IL 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
mshannon@stephanzouras.com
FIRM ID: 43734

David Neiman
**ROMANUCCI & BLANDIN**
321 North Clark Street
Suite 900
Chicago, Illinois 60654
T: 312.626.7614
F: 312.458.1004
dneiman@rblaw.net

Miranda L. Soucie, No. 6304049
msoucie@spiroslaw.com
**Spiros Law, P.C.**
2807 N. Vermillion, Suite 3, Danville, IL 61832
Telephone: 217.443.4343

*Attorneys for Plaintiff and the Putative Class*